

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EMILIO SANCHEZ DURAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-197 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

On October 31, 2008,[1] petitioner, EMILIO SANCHEZ DURAN, a state prisoner confined in the Dalhart Unit in Dallam County, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is confined pursuant to a November 1, 1991 conviction out of Cameron County for the offense of robbery and the resultant fifteen-year sentence. Because this Court finds petitioner is time barred from asserting his claims, the undersigned recommends Duran's petition be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

In his petition, petitioner alleges the 1991 conviction for robbery was unlawful because:

1. The Texas Department of Criminal Justice (TDCJ) has failed to give petitioner all of his time credits.

2. The TDCJ failed to properly evaluate petitioner's time credits and have caused

---

[1] Even though the petition was received and file marked by this Court on November 4, 2008, petitioner's petition is deemed filed on October 31, 2008, which is the date he delivered the petition to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

> petitioner's punishment to exceed his original sentence.

3. The Federal District Attorney's Office has withheld evidence relating to petitioner's illegal reentry.

4. The State should not have waited so long to begin procedures to revoke petitioner's parole.

## II.
## TIME LIMITATIONS

Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). His claim is therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). Those provisions are as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Even though petitioner's judgment became final in 1991, before the effective date of the AEDPA, the Fifth Circuit has held that the AEDPA's time limitations retroactively apply. *See*

*Fisher*, 174 F.3d at 712. Under the retroactive application of the AEDPA, a prisoner whose conviction became final before AEDPA's effective date had one year after the passage of the AEDPA to file a habeas claim in federal court challenging that conviction. *Id.* (citing *Flanagan v. Johnson*, 154 F.3d 196, 200 n. 2 (5th Cir. 1998)). This time period can be tolled, however, if any properly filed state post-conviction proceedings are pending. *Id.*

According to the Court of Criminal Appeals's website, petitioner did not file any post-conviction proceeding relating to the Cameron County conviction until April 2005. Because tolling is inapplicable, petitioner would have had to file his section 2254 petition on or before April 24, 1997. *See id.* This case is petitioner's first habeas corpus action based on the Cameron County conviction, and it was filed with this Court in October 2008, more than ten years after its deadline. Accordingly, this Court finds petitioner's application for habeas corpus time barred.

### III.
### RECOMMENDATION

Petitioner is time barred by more than a decade from asserting the instant petition. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner EMILIO SANCHEZ DURAN be DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of March 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).