FILED

APRIL 24, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EMILIO SANCHEZ DURAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-197 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |

**REPORT AND RECOMMENDATION TO
DENY ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

On April 23, 2009, petitioner filed a Notice of Appeal and requested a Certificate of Appealability in the above-captioned habeas corpus case in which the detention complained of arises out of process issued by a State court. On March 12, 2009, this Court issued a Report and Recommendation to Dismiss Petition for a Writ of Habeas Corpus. Petitioner filed objections to the Report and Recommendations on March 31, 2009. An Order overruling the objections, adopting the Report and Recommendation, and dismissing the habeas application, together with a corresponding Judgment, were entered April 10, 2009.

In his Motion for a Certificate of Appealability, petitioner avers he unwittingly checked the wrong box on his habeas corpus application—indicating he was challenging his conviction when in fact he intended to challenge a parole revocation. Petitioner attached a letter from the Texas Department of Criminal Justice (TDCJ) to his original habeas corpus petition. The letter indicates petitioner would not receive credit for over seven years he spent in custody. Petitioner appears to

base all of his habeas corpus claims on the refusal of the TDCJ to credit petitioner with this seven years of time served.  The TDCJ letter is dated May 7, 2002.

Assuming, *arguendo*, this were a parole revocation proceeding, and petitioner could have challenged it on federal habeas corpus review, petitioner remains time barred.  The factual predicate of his claim arose on May 7, 2002, which is when the one-year limitation period of the Anti-Terrorism and Effective Death Penalty Act of 1996 began to run.  *See* 28 U.S.C. § 2244(d)(1)(D). If petitioner wanted to challenge the TDCJ's refusal to give him time credit, his habeas corpus filing was due in this Court by May 7, 2003.  Instead, petitioner waited until October 31, 2008—more than five years after his petition was due—to challenge the TDCJ's actions.  Therefore, even if petitioner meant to challenge the result of a parole revocation, he is nevertheless time barred.  The undersigned United States Magistrate Judge therefore recommends petitioner's Certificate of Appealability be denied.

IT IS SO RECOMMENDED.

ENTERED this 24th day of April 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as

indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).